Matthew **TORTORICI**, Melissa Lawler, Robert E. Tortorici, Jr. and Bernadette Dipace, individually and as adminstratrix of the estate of Ralph J. Tortorici, Plaintiffs,

v.

Glenn S. **GOORD**, James Stone, Lee Myung, M.D., Laura M. Cuison, M.D., Eric Sheldon, Ph.D. and Loretta Klein, Defendants.

No. 02 CIV.5418 (WHP).

United States District Court, S.D. New York.

June 10, 2003.

---

Joan Magoolaghan, Esq., Koob & Magoolaghan, New York City, for Plaintiffs.

Lee Alan Adlerstein, Esq., Bruce A. Brown, Esq., Assistant Attorney General, New York City, for Defendant.

## ORDER

PAULEY, District Judge.

Plaintiffs move to compel production of certain documents prepared in connection

with a quality assurance review conducted by the Central New York Psychiatric Center ("CNYPC") and listed on defendants' privilege log (the "Quality Assurance Documents"). (Magoolaghan Decl. Ex. C.) Defendants assert that the Quality Assurance Documents are protected by both the deliberative process and self-critical analysis privileges. Further, defendants assert that this Court should not order disclosure of the Quality Assurance Documents as a matter of comity because they are privileged under New York law. Finally, defendants argue that even if the Quality Assurance Documents are not privileged, this Court should deny plaintiffs' motion to compel on the grounds that their production would be unduly burdensome under Fed.R.Civ.P. 26(b)(2)(iii). After considering the parties' arguments and conducting an *in camera* review of the Quality Assurance Documents, plaintiffs' motion to compel is granted.

■ The deliberative process privilege, a "sub-species" of the work product privilege, *Tigue v. United States Dept. of Justice*, 312 F.3d 70, 76 (2d Cir.2002), *cert. denied* —— U.S. ——, 123 S.Ct. 2214, 155 L.Ed.2d 1105 (2003), covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *accord Department of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001). In order for a document to be protected by the deliberative process privilege, it must be both "predecisional" and "deliberative." *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir.1999). Documents are "predecisional" if they are "prepared in order to assist an agency decisionmaker in arriving at his decision." *Hopkins v. United States Dep't of Housing & Urban Dev.*, 929 F.2d 81, 84 (2d Cir.1991). Documents are "deliberative" if they are "actually related to the process by which policies are formulated." *Hopkins*, 929 F.2d at 84.

■ Defendants concede that the Quality Assurance Documents were produced pursuant to 14 N.Y.C.R.R. § 524 *et seq.*, which requires a formal review in a number of circumstances, including an inmate suicide. (Def. Opp. Mem. at 6 ("the reports referenced above were prepared and the meetings were held pursuant to CNYPC regulations requiring formal review of certain specified incidents").) While the Quality Assurance Review undertaken in the wake of Mr. Tortorici's suicide and the documents created thereunder may have been considered in making the ultimate determination of whether to medicate forcibly inmates at risk of suicide (Miraglia Aff. ¶¶ 6–8), the Quality Assurance Documents were not created for that purpose. The documents were created in order to measure compliance with existing procedures in the specific instance of Mr. Tortorici's suicide. *See Nat'l Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 93–94 (S.D.N.Y.2000). Therefore, while portions of the Quality Assurance Documents may arguably be "deliberative," they were not prepared "in order to assist an agency decisionmaker in arriving at his decision," and as such are not "predecisional." *Hopkins*, 929 F.2d at 81–84; *see also Grand Cent. Partnership, Inc.*, 166 F.3d at 482 ("the privilege does not protect a document which is merely peripheral to actual policy formation") (citation omitted). Therefore, the deliberative process privilege does not apply to the Quality Assurance Documents.

■ Defendants also argue that the Quality Assurance Documents are protected by the self-critical analysis privilege. In the first instance, this Court notes that the availability of the self-critical analysis privilege is an open question in this Circuit. *See, e.g., Wimer v. Sealand Service, Inc.*, No. 96 Civ. 8730(KMW)(MHD), 1997 WL 375661, at *1 (S.D.N.Y. July 3, 1997) ("This particular privilege has led a checkered existence in the federal courts") (collecting cases). However, assuming *arguendo* the availability of the privilege, the documents at issue in this case are not covered by it. The self-critical analysis privilege requires that the material sought must "result from a critical self-analysis undertaken by the party seeking protection, and be of the type whose flow would be curtailed if discovery were allowed." *Trezza v. The Hartford, Inc.*, No. 98 Civ.

2205(MBM)(KNF), 1999 WL 511673, at *1–2 (S.D.N.Y. July 20, 1999); *accord Wimer,* 1997 WL 375661, at *1 ("[T]he underlying principle is that … the disclosure of that analysis in the context of litigation may deter the party from conducting such a candid review in the future."). Since the Quality Assurance Documents were produced pursuant to a mandatory review, and will continue to be produced absent amendment of the applicable regulations, the essential element of a chilling effect on future investigations is absent. Therefore, the self-critical analysis privilege is not applicable.

■ Defendants further argue that this Court should refuse to order disclosure of the Quality Assurance Documents as a matter of comity because they are privileged under New York law, specifically N.Y. Educ. L. § 6527(3). This Court declines to extend this State privilege, as Congress has considered this very question and rejected the creation of a federal privilege for medical peer review records. *See Johnson v. Nyack Hospital,* 169 F.R.D. 550, 556–61 (S.D.N.Y.1996) (noting that Congress expressly considered and declined to create a federal peer review privilege).

■ Finally, this Court denies defendants' request to withhold production of the Quality Assurance Documents under Fed. R.Civ.P. 26(b)(2). While the Court has "broad power" to limit discovery under Rule 26(b)(2), and may invoke its power "where the burden is not measured in the time or expense required to respond to requested discovery, but lies instead in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material," *Johnson,* 169 F.R.D. at 562, it is the determination of this Court that such limits are not appropriate in this case.

For the reasons stated above, plaintiffs' motion to compel production of the Quality Assurance Documents in granted. Further, defendants are ordered to produce all relevant, non-privileged documents responsive to plaintiffs' First Discovery Demands that have not previously been produced.